OPINION
{¶ 1} Appellant, Charles Sonoga, appeals from the September 3, 2004 judgment entry of the Trumbull County Court of Common Pleas, granting appellee's, Trumbull County Child Support Enforcement Agency's, motion to dismiss appellant's complaint.
 {¶ 2} On June 29, 2004, appellant filed a "Complaint for Writ of Mandamus" against appellee. On August 5, 2004, appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Appellant filed a "Counterclaim Motion to Dismiss" on August 31, 2004, seeking leave to amend his complaint. A hearing was held on September 3, 2004.
 {¶ 3} According to appellant's affidavit, he is currently unemployed and his income for 2004 was $675. Appellant stated that on April 29, 2004, he requested information from appellee in writing according to R.C. 1347.08 but he forgot to sign the request. On May 27, 2004 and June 2, 2004, appellant indicated that he requested information from appellee again which he signed and dated. Appellant said that he has not received any information from appellee.
 {¶ 4} Pursuant to its September 3, 2004 judgment entry, the trial court granted appellee's motion to dismiss for failure to state a cause of action for which relief may be granted. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:[1]
 {¶ 5} "The dismissal of [w]rit of [m]andamus for not granting leave to amend complaint."
 {¶ 6} In his sole assignment of error, appellant argues that the trial court erred by not allowing him to amend his complaint. Appellant alleges that the trial court is standing in his way of obtaining information as to who has access to files and helping appellee from giving appellant information.
 {¶ 7} A writ of mandamus is an extraordinary remedy that will only be granted provided the petitioner is able to demonstrate: "* * * (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that (the) relator has no plain and adequate remedy in the ordinary course of the law. * * *" State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42.
 {¶ 8} A defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted according to Civ.R. 12(B)(6). An appellate court's review of a dismissal under Civ.R. 12(B)(6) is de novo.West v. Sheets, 11th Dist. No. 2001-L-183, 2002-Ohio-7143, at ¶ 9, citing Mitchell v. Speedy Car X, Inc. (1998), 127 Ohio App.3d 229, 231. In order for a court to dismiss a complaint under Civ.R. 12(B)(6), "`* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'" Taylor v. London
(2000), 88 Ohio St.3d 137, 139, quoting O'Brien v. Univ. Comm. TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, syllabus. "`A complaint should not be dismissed for failure to state a claim merely because the allegations do not support the legal theory on which the plaintiff relies. Instead, a trial court must examine the complaint to determine if the allegations provide for relief on any possible theory.'" Firstmerit Corp. v.Convenient Food Mart, Inc. (Mar. 7, 2003), 11th Dist. No. 2001-L-226, 2003-Ohio-1094, at ¶ 7, quoting Fahnbulleh v. Strahan (1995),73 Ohio St.3d 666, 667. Thus, "[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party." Mitchell v. Lawson Milk Co. (1988),40 Ohio St.3d 190, 192.
 {¶ 9} In the case at bar, appellant alleged in his "Complaint for Writ of Mandamus" that he requested and was denied information by appellee and prayed that the trial court issue a writ of mandamus compelling appellee to comply. In his complaint, appellant referenced attached exhibits. Exhibit A is an outline of R.C. 1347.08. Exhibits B, C, and D consist of appellant asking questions regarding who has access to appellee's files. In its motion to dismiss, appellee indicated that appellant's complaint failed to state a claim upon which relief can be granted. Appellee stressed that appellant was attempting to use the provisions of R.C.1347.08 not to secure access to documents for inspection, but rather to simply have his questions answered. Pursuant to his "Counterclaim Motion to Dismiss," in which he sought leave to amend his complaint, appellant restated his contentions and questions, adding no new factual allegations.
 {¶ 10} We note that "`[p] ro se civil litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors.'" (Emphasis sic.) Karnofel v. Cafaro Mgt. Co. (June 26, 1998), 11th Dist. No. 97-T-0072, 1998 Ohio App. LEXIS 2910, at 6, quoting Meyers v. First Natl. Bank of Cincinnati (1981),3 Ohio App.3d 209, 210. "A trial court does not have the duty of assisting a pro se litigant in the practice of law. It is not the trial court's job to clean up deficient pleadings." (Emphasis sic.) McGrath v.Mgt. Training Corp. (Dec. 14, 2001), 11th Dist. No. 2001-A-0014, 2001 Ohio App. LEXIS 5643, at 6-7.
 {¶ 11} Even assuming arguendo that appellant is able to demonstrate the first two prongs pursuant to Harris, supra, appellant fails to meet the third prong which requires that he have "no plain and adequate remedy in the ordinary course of the law." Here, appellant has an adequate remedy at law by way of appeal. See State ex rel. Hastings Mut. Ins. Co. v. Merillat (1990), 50 Ohio St.3d 152, 154; State ex rel. Russell v. Swain (Aug. 22, 1997), 11th Dist. No. 97-L-116, 1997 Ohio App. LEXIS 3777, at 2-3. In any event, based on the record, we conclude that the trial court did not abuse its discretion in declining to allow appellant to amend his complaint. See Civ.R. 15(A); McGrath, supra, at 7; Petersonv. Teodosio (1973), 34 Ohio St.2d 161, 175. Here, the trial court properly dismissed this case pursuant to Civ.R. 12(B)(6) since appellant's complaint and attached exhibits failed to state a claim upon which relief could be granted.
 {¶ 12} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.
[1] In his notice of appeal, appellant indicated that a transcript or App.R. 9(C) or (D) statement was not necessary.