OPINION
{¶ 1} This matter is before the Court on the pro se Notice of Appeal of Olga Dunina, filed March 2, 2007. Dunina and Mark E. Stemple were divorced on November 8, 2004, in case *Page 2 
number 2004 DR 148. The events giving rise to the matter herein began when Dunina obtained a civil stalking protection order against Stemple on February 5, 2004. Subsequently, Dunina filed numerous pro se motions to have Stemple, his attorneys, and the magistrate held in contempt of court, and to have the judge recuse himself. On January 31, 2007, the court issued a Judgment Entry, determining that "various motions remain pending in this case. However, these motions have been determined and journalized in Case No. 04-DR-148; therefore, further decision is not necessary." The court dismissed all motions currently pending. On June 5, 2007, the trial court again issued a judgment entry that provided, "It appears that the petitioner is filing pleadings under two case numbers, yet the substance of her pleadings pertains only to the divorce case (cause no. 04-DR-148)." The court ordered "that all pleadings filed under Case No. 04-DV-01 since January 31, 2007 are stricken and no further scheduling or decisions will result therefrom."
 {¶ 2} Stemple filed a motion to dismiss Dunina's appeal on April 9, 2007, arguing that res judicata or collateral estoppel apply to her assignments of error and also arguing that we did not have jurisdiction to consider the appeal for lack of a final appealable order. We determined, "In light of the procedural posture below, * * * this Court has jurisdiction to entertain Appellant's appeal pursuant to R.C.2505.02(B)(2). Appellant sought a means to enforce alleged or perceived violations of the civil protection order. In other words, she attempted to enforce and protect substantial rights, an effort foreclosed by the common pleas court's dismissal of her post-judgment motions. The order, therefore, is ripe for review. The issue of collateral estoppel and/or res judicata goes to the merits and Appellee may make this argument in his brief." *Page 3 
 {¶ 3} "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted).
 {¶ 4} We note that Dunina's brief contains 38 assignments of error, none of which contain page references to places in the record where the alleged errors occurred, as required by App. R. 16(A)(3). We also note that Dunina failed to argue her assignments of error separately in her brief. We "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment of error separately in the brief, as required under App.R. 16(A)." App.R. 12(2). We are required to "determine the appeal on its merits on the assignments of error set forth in the briefs under App. R. 16, the record on appeal under App. R. 9, and, unless waived, the oral argument under App.R. 21." App. R. 12(A)(1)(b). We "sustain or overrule only assignments of error and not mere arguments." State v. Federal InsuranceCo., Franklin App. No. 04AP-1350, 2005-Ohio-6807.
 {¶ 5} We further note that Dunina, in her Reply, cites "transcripts of hearings filed in this Appeals Court dated July 19, 2004, August 24, 2004, September 28, 2004, October 26, 2006 and December 12, 2006," yet in the matter herein, no such transcripts were filed. "The duty to provide a transcript for appellate review falls upon the appellant. (Internal citations omitted). An appellant bears the burden of showing prejudicial error by reference to matters in the record." Shirley v.Kruse, Greene App. *Page 4 
No. 2006-CA-12, 2007-Ohio-193. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm." Id. We note that Dunina was represented by counsel at oral argument; Dunina's counsel argued that the trial court erred in taking judicial notice of the trial court's rulings in the domestic relations case, for purposes of res judicata, without giving Dunina an opportunity to object. Dunina, however did not raise that argument as an assignment of error and we will not address it.
 {¶ 6} Dunina did not comply with the rules of appellate practice, and the record on appeal is not properly before us. Accordingly, we disregard Dunina's assignments of error and presume the validity of the proceedings below. Dunina's assignments of error are overruled, and the judgment of the trial court is affirmed.
BROGAN, J. and VALEN, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1