OPINION
{¶ 1} Appellant, Edward J. Karras, Ph.D., appeals from the judgment of the Franklin County Court of Common Pleas granting appellees' motion to dismiss. Appellant is a psychologist licensed by the state of Ohio. On June 26, 1998, appellant, *Page 2 
on behalf of his sole proprietorship, Karco Associates ("Karco"), signed a "professional service agreement" with the Crawford County Board of Mental Retardation and Developmental Disabilities ("Crawford MRDD") to provide psychological services, up to two days per week, to individuals served by Crawford MRDD. The two-year agreement commenced on July 1, 1998, and ended on June 30, 2000. The parties entered into a similar agreement, commencing July 1, 2000, and expiring on June 30, 2002. In May 2002, the parties signed another agreement commencing on July 1, 2002, and ending on June 30, 2003.
 {¶ 2} In May 2002, appellant filed a grievance and demanded mediation or arbitration, pursuant to former R.C. 5126.036, which the legislature repealed on September 29, 2007. In a letter dated June 20, 2002, Crawford MRDD informed appellant that it had rescinded and withdrawn the one-year contract during the May 16, 2002 board meeting. On June 25, 2002, appellant sent Crawford MRDD written notice alleging breach of contract and demanding arbitration.
 {¶ 3} Crawford MRDD filed an action for declaratory judgment in the Crawford County Court of Common Pleas, seeking a ruling that the employment dispute was not subject to R.C. 5126.036. Appellant filed a motion for judgment on the pleadings. The Crawford County Court of Common Pleas granted appellant's motion for judgment on the pleadings and dismissed the case, finding that the parties were required to submit the threshold issue to mediation/arbitration to determine if the case properly falls under that statute. *Page 3 
 {¶ 4} The matter was submitted to an arbitrator, who determined that appellant was not a "provider" under R.C. 5126.036, and, thus, the arbitrator lacked jurisdiction over the matter. The Ohio Department of Mental Retardation and Developmental Disabilities ("Ohio MRDD") adopted the arbitrator's decision and dismissed the matter for lack of jurisdiction. Appellant appealed to the Franklin County Court of Common Pleas. The common pleas court granted Crawford MRDD's motion to dismiss. On appeal, this court found that appellant acted as a "provider" of psychological counseling services to individuals with disabilities pursuant to a service agreement, as defined by R.C. 5126.036. This court found that the trial court erred in adopting the determination of Ohio MRDD dismissing the matter for lack of jurisdiction. We, thus, reversed and remanded the case. See Karras v. Crawford Cty. Bd. of MentalRetardation Developmental Disabilities, 169 Ohio App.3d 37,2006-Ohio-5036.
 {¶ 5} On remand, appellant filed a motion to direct the parties to mandatory arbitration, pursuant to R.C. 5126.036, which the trial court denied. Appellant filed the instant complaint. The trial court dismissed the complaint on several grounds, including a finding that the complaint violated Civ. R. 8(A). The trial court also found that the claims involving breach of contract were subject to mandatory arbitration. The trial court further found that any claims involving violations of criminal statutes failed for lack of a civil remedy, and found lack of standing, immunity, statute of limitations, and failure to state a claim for which relief may be granted.
 {¶ 6} Appellant filed a notice of appeal and raised the following assignment of error: *Page 4 
 THE TRIAL COURT ERRED IN GRANTING THE CRAWFORD COUNTY MRDD DEFENDANTS' MOTION TO DISMISS.
 {¶ 7} Appellees filed a motion to dismiss, pursuant to Civ. R. 12(B)(1) and (6), for lack of jurisdiction and failure to state a claim upon which relief can be granted. Civ. R. 12(B)(1) permits dismissal where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for a dismissal, pursuant to Civ. R. 12(B)(1), is whether the complaint sets forth a cause of action cognizable by the forum. We review a Civ. R. 12(B)(1) dismissal de novo.Guillory v. Ohio Dept. of Rehab. Corr., Franklin App. No. 07AP-861,2008-Ohio-2299.
 {¶ 8} In order for a trial court to grant a Civ. R. 12(B)(6) motion to dismiss, "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."O'Brien v. Univ. Community Tenants Union (1975), 42 Ohio St.2d 242, syllabus. We also review a Civ. R. 12(B)(6) dismissal de novo. Fugett v.Ghee, Franklin App. No. 02AP-618, 2003-Ohio-1510.
 {¶ 9} Appellant did not assign as error the trial court's dismissal of his complaint for violating Civ. R. 8(A). The trial court stated, as follows:
 * * * It is not readily identifiable from the Complaint exactly what causes of action are being asserted against the Crawford County Defendants. The Complaint, totaling over 100 pages in length, is clearly in violation of Civ. R. 8(A), which requires a "short and plain statement of the claim showing that a party is entitled to relief.["] The Crawford County Defendants have characterized Plaintiff's causes of action as falling "loosely" into the following categories: 1) breach of contract; 2) various theories of tort and negligence; 3) conspiracy; 4) violations of federal law actionable under 42 U.S.C. §§ 1983
and 1985; 5) violations of patient rights; and 6) violation of criminal statutes. * * * *Page 5 
 {¶ 10} Civ. R. 8(A) requires that a proper complaint contain a "short and plain statement of the claim showing that the party is entitled to relief" and "a demand for judgment for the relief to which the party claims to be entitled." A claim for relief need not state all the elements of the claim, but there must be enough stated so that the person sued has adequate notice of the nature of the action. Fancher v.Fancher (1982), 8 Ohio App.3d 79.
 {¶ 11} A violation of Civ. R. 8(A) is a valid ground for dismissal under Civ. R. 12(B)(6). See, e.g., Simpson v. City of Lakewood, Cuyahoga App. No. 82624, 2003-Ohio-4953; Chaney v. Ohio Bur. of Emp. Servs. (June 8, 1989), Franklin App. No. 89AP-160.
 {¶ 12} On appeal, we are "required to `determine the appeal on its merits on the assignments of error set forth in the briefs under App. R. 16, the record on appeal under App. R. 9, and, unless waived, the oral argument under App. R. 21.' App. R. 12(A)(1)(b). We `sustain or overrule only assignments of error and not mere arguments.'" Dunina v.Stemple, Miami App. No. 2007 CA 9, 2007-Ohio-4719, quoting State v. Fed.Ins. Co., Franklin App. No. 04AP-1350, 2005-Ohio-6807. An appellant bears the burden of showing prejudicial error by reference to matters in the record. Id. Appellant has not separately argued any error regarding the court's dismissal pursuant to Civ. R. 8(A), as required by App. R. 12(A)(2), which provides that "[t]he court may disregard an assignment of error presented for review if the party raising it * * * fails to argue the assignment separately in the brief, as required under App. R. 16(A). Here, appellant has failed to even contest or raise the issue that the trial court found the complaint *Page 6 
incomprehensible. Although appellees argue the issue in their merit brief to this court, appellant did not respond. Appellant failed to meet his burden and the assignment of error is overruled.
 {¶ 13} Accordingly, for the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and KLATT, JJ., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment in the Tenth Appellate District. *Page 1