[Cite as *Le v. Pham*, 2018-Ohio-4526.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| VINH THI LE | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28001 |
| | : | |
| v. | : | Trial Court Case No. 2017-CV-5591 |
| | : | |
| TOMMY PHAM | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 9th day of November, 2018.

. . . . . . . . . .

JEFFREY SLYMAN, Atty. Reg. No. 0010098, 211 Kenbrook Drive, Suite 5, Vandalia, Ohio 45377
    Attorney for Plaintiff-Appellee

TOMMY PHAM, 714 W. Martindale Road, Union, Ohio 45322
    Defendant-Appellant, Pro Se

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  This matter is before the Court on the May 21, 2018 Notice of Appeal of Appellant Tommy Pham.  Appellant appeals from the trial court's grant of summary judgment in favor of Appellee Vinh Thi Le on Appellee's "Complaint for Breach of Contract; Fraudulent Inducement; Unjust Enrichment; and Action to Obtain Clear Title."

We hereby affirm the judgment of the trial court.

{¶ 2} On November 30, 2017, Appellee filed his complaint against Appellant. The complaint stated that Appellee resided in St. Louis, Missouri, and Appellant resided in Union, Ohio. According to the complaint, Appellee's wife and Appellant's wife are sisters. Count One of the complaint alleged that on August 7, 2012, Appellant purchased a 2012 Toyota Sienna van (VIN # 5TDYK3DC3CS243533) from The Walker Auto Group, Inc., in Miamisburg. Attached as Exhibit 1 to the complaint was a copy of the Certificate of Title, identifying Appellant as the owner and Toyota Motor Credit Corp. ("TMCC") as the first lien holder. The "Lien Discharge" portion of the title was dated August 18, 2017.

{¶ 3} The complaint stated that the purchase price of the vehicle was $44,765, and Appellant financed the purchase through TMCC. According to the complaint, Appellant transferred possession of the van to Appellee in exchange for Appellee making the monthly $750 loan installment payments to TMCC. The complaint asserted that the "parties agreed that once the vehicle loan was paid in full, [Appellant] immediately [sic] transfer the vehicle's title" to Appellee. Appellee made monthly payments to TMCC from September 11, 2012 until January 15, 2016, according to the complaint. Attached as Exhibit 2 to the complaint was a copy of Appellee's bank statement reflecting the first payment to TMCC.

{¶ 4} The complaint further provided that, in February 2016, the loan was assigned to Toyota Financial Services ("TFS"), and that Appellee made monthly payments to TFS from February 16, 2016 to August 15, 2017; a copy of Appellee's bank statement showing the final payment to TFS was attached as Exhibit 3. The complaint alleged that on August 18, 2017, TFS "issued a letter stating it received the final payment

for the Toyota Sienna and released the lien on the vehicle by signing the Lien Discharge portion of the vehicle's title"; the letter was attached to the complaint as Exhibit 4.

{¶ 5} The complaint provided that Appellant refused to sign the vehicle's title over to Appellee, as the parties had agreed, and that Appellee "cannot claim ownership to the vehicle." The complaint provided that Appellant should be ordered to transfer title to the vehicle to Appellee or be ordered to compensate Appellee in the amount of $43,150.

{¶ 6} In Count Two, the complaint alleged that Appellant's "representation to transfer title to the vehicle was a material misrepresentation which was intended to induce [Appellee] into their agreement," and that Appellee relied on Appellant's "misrepresentation to his detriment." In Count Three, Appellee asserted that Appellant had been unjustly enriched.

{¶ 7} On December 21, 2017, Appellant filed an Answer, pro se, which simply sought "Justice for Tommy Pham." A trial was scheduled for May 9, 2018. On March 26, 2018, counsel for Appellee moved that his Request for Admissions be deemed admitted, because Appellant had failed to respond to the request for admissions. On March 29, 2018, the Magistrate issued an "Entry and Order" finding that Appellant failed to respond to Appellee's Request for Admissions and that "the matter of each requested admission therein is admitted."

{¶ 8} On April 10, 2018, Appellee filed a Motion for Summary Judgment. The motion provided in part as follows:

> In the case at bar, Defendant, Tommy Pham, has failed to raise any valid defenses to Plaintiff's claims and has offered nothing more than a meritless defense in opposition, stating "under laws, justice for Tommy

Pham." * * * Additionally, as mentioned above, Defendant failed to respond to Plaintiff's Request for Admissions that have now been deemed admitted.

The Defendant's agreement was that he would execute the Ohio Certificate of Title to Plaintiff once the loan from Toyota Motor Credit Corporation was paid. Toyota Motor Credit Corporation has released its lien. See Exhibit "B" and Plaintiff's Affidavit "C".

The loan has been paid. The Defendant has admitted this fact by his failure to respond to Exhibit "D". By his failure to respond, Defendant has also admitted that he never made any payments and that he would agree to transfer title to Plaintiff. Id.

Appellee's attached an affidavit to the motion for summary judgment, which set forth averments consistent with the allegations in the complaint.

{¶ 9} Appellant did not respond to the motion for summary judgment, and the trial court granted the motion. The court determined as follows:

In the instant case, Defendant * * * failed to respond to Plaintiff's requests for admissions. Pursuant to Civ.R. 36(A)(1), the Court deemed the requests admitted on all three of Plaintiff's claims. Additionally, it is uncontroverted that the vehicle in question has been in Plaintiff's possession and that he has paid the vehicle loan in full to Toyota Motor Credit Corporation, pursuant to Plaintiff's contractual obligation.

The lien of Toyota Motor Credit Corporation has been released and there is no encumbrance on the title to the 2012 Toyota Sienna Van * * *. Therefore the Court finds that even when construing the evidence most

strongly in favor of Defendant, there is no genuine issue as to any material fact and that Plaintiff is entitled to judgment as a matter of law against Defendant.

**{¶ 10}** Appellant filed a Notice of Appeal and a pro se brief, to which Appellee did not file a response. We note that Appellant's brief fails to comply with App.R. 16, in that the brief lacks assignments of error, with reference in the record where each error is reflected, as well as a statement of the issues presented for review. It is well-settled that " '[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants.' " *Dunina v. Stemple*, 2d Dist. Miami No. 2007 CA 9, 2007-Ohio-4719, ¶ 3, citing *Yocum v. Means,* 2d Dist. Darke No. 1576, 2002-Ohio-3803. "A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' " *Id.*

**{¶ 11}** We construe Appellant's brief to argue that the trial court erred in granting summary judgment in favor of Appellee, and that Appellant is entitled to the van. As this Court has noted:

Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.,* 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112,

115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996).

Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293, 662 N.E.2d 264; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Id.* The non-moving party has the burden "to produce evidence on any issue for which that party bears the burden of production at trial" and may not rest upon unsworn or unsupported allegations in the pleadings. *Parker v. Bank One, N.A.,* 2d Dist. Montgomery No. 18573, 2001 WL 303284, *3, citing *Leibreich v. A.J. Refrigeration, Inc.* 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993), *Wing v. Anchor Media, Ltd.,* 59 Ohio St.3d 108, 111, 570 N.E.2d 1095 (1991), and others. Throughout, the evidence must be construed in favor of the nonmoving party. *Dresher* at 293, 662 N.E.2d 264.

* * *

We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012 CA 18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine the

evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *Ward v. Bond,* 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8.

*Heard v. Dayton View Commons Homes*, 2018-Ohio-606, 106 N.E.3d 327, ¶ 7-8, 10 (2d Dist.).

{¶ 12} As noted above, Appellant did not plead any affirmative defenses in his answer, and he did not respond to the motion for summary judgment. Appellee's requests for admissions directed to Appellant, which the court deemed admitted, were as follows:

1.  Admit that on or about August 7, 2012 you purchased a 2012 Toyota Sienna, Vehicle Identification Number: 5TDK3DC3CS243533[.]

2.  Admit that the purchase price of the aforementioned vehicle was $44,765.00.

3.  Admit that the entire reason for purchasing the aforementioned vehicle, was in order to establish credit on your behalf.

4.  Admit that you had no intention of keeping the 2012 Toyota Sienna for yourself, but to only have the Plaintiff co-sign the loan to establish your credit.

5.  Admit that you transferred possession of the 2012 Toyota Sienna mentioned above to the Plaintiff on date of purchase in exchange for the Plaintiff making the monthly payments on the vehicle.

6.  Admit that upon payment in full of this loan by the Plaintiff, you agreed to transfer the title to the Plaintiff.

7.  Admit that the Plaintiff did assume payment of this loan and in fact paid the loan in full on or about August 18, 2017.

8.  Admit that you never made any payments on the Toyota Sienna.

9.  Admit that on or about August 18, 2017 you received correspondence from [TFS] that the 2012 Toyota Sienna, Vehicle Identification Number: 5TDYK3DC3CS243533 had been paid in full.  A copy of that letter is attached to the Complaint filed herein.

10. Admit that enclosed with the August 18, 2017 correspondence from [TFS], was the original car title.

11. Admit that since August 18, 2017 to the present, you have failed and refused to transfer ownership of the 2012 Toyota Sienna, Vehicle Identification Number: 5TDYK3DC3CS243553 to the Plaintiff.

12. Admit that the since the date of purchase, the 2012 Toyota Sienna referenced herein was in the uninterrupted possession of the Plaintiff.

13. Admit that Plaintiff would send you the money to renew the license tag and you would then send Plaintiff the new tag.

{¶ 13} We note that Civ.R. 36(B) provides that "[a]ny matter admitted under this rule is conclusively established." As noted above, the trial court determined Appellee paid the vehicle loan in full pursuant to his "contractual obligation," and that Appellee was entitled to judgment as a matter of law. The following is well-settled:

To prove a breach of contract claim, a plaintiff must show "the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff." *Doner v. Snapp* (1994), 98 Ohio App.3d 597, 600, 649 N.E.2d 42, 44. To prove the existence of a contract, a plaintiff must show that both parties consented to the terms of the contract, that there was a "meeting of the minds" of both parties, and that the terms of the contract are definite and certain. *McSweeney v. Jackson* (1996), 117 Ohio App.3d 623, 631, 691 N.E.2d 303, 308.

*Nilavar v. Osborn*, 137 Ohio App.3d 469, 484, 738 N.E.2d 1271 (2d Dist. 2000).

{¶ 14} Construing the evidence most strongly in favor of Appellant, we conclude that there was no genuine issue of material fact, and that Appellee was entitled to judgment as a matter of law. Appellee demonstrated the absence of any material issue

of fact by means of Appellant's admissions and Appellee's affidavit, and Appellant did not in turn show that a genuine issue of material fact existed for trial.   In other words, as the trial court determined, the van remained in Appellee's possession, the loan had been paid in full by Appellee "pursuant to [his] contractual obligation," Appellant agreed to transfer the title to Appellee upon payment in full of the loan and failed to do so, the lien on the van had been released, and Appellee was entitled to the title to the vehicle.

{¶ 15} For the foregoing reasons, having rejected Appellant's arguments, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and TUCKER, J., concur.

Copies sent to:

Jeffrey Slyman
Tommy Pham
Hon. Steven L. Dankof