[Cite as *Shepherd v. TH Property Owner I, L.L.C.*, 2026-Ohio-2430.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| ONDREL LYNN SHEPHERD | : | |
| | : | C.A. No. 30730 |
| Appellant | : | |
| | : | Trial Court Case No. 2025 CV 05032 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| TH PROPERTY OWNER I, LLC | : | Court) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 26, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and TUCKER, J., concur.

ONDREL LYNN SHEPHERD, Appellant, Pro Se
D. ANDREW HEYMAN, MATTHEW FABER, and DAVID KIDDER, Attorneys for Appellee

HANSEMAN, J.

{¶ 1} Plaintiff-appellant Ondrel Lynn Shepherd appeals from the Montgomery County Common Pleas Court's judgment that dismissed her complaint in accordance with Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the judgment of the trial court is affirmed.

## I.      Facts and Course of Proceedings

{¶ 2} On September 9, 2025, Shepherd, proceeding pro se, filed a complaint against defendant-appellee, TH Property Owner 1 LLC ("TH Property"), to rescind a real estate transaction that occurred around October 2024 involving real property Shepherd owned at 1306 Bohn Court in Jefferson Township, Ohio. The complaint alleged that when Shepherd entered the agreement to sell the property and execute the deed, she was suffering from the mental health conditions of bipolar disorder, severe depression, and schizophrenia. Shepherd alleged that her illnesses impaired her ability to understand the nature and consequences of the real estate transaction and that her mental capacity to contract was absent. Shepherd alleged that TH Property knew or should have known of her condition, and she requested rescission of the transaction and restoration of her title to the property.

{¶ 3} On October 6, 2025, TH Property filed a motion to dismiss under Civ.R. 12(B)(6), asserting two grounds on which Shepherd's complaint failed to state a claim upon which relief can be granted. TH Property first argued that Shepherd's claims for fraud and misrepresentation were not stated with particularity as required by Civ.R. 9(B).

2

TH Property's second ground concerned matters that were outside the face of the complaint; it argued that a settlement agreement between the parties barred the action, and attached five exhibits to its motion—a purchase agreement for the real property, two amendments to the purchase agreement, a residential lease agreement, and a settlement agreement.

{¶ 4} Shepherd responded in opposition on October 22, 2025, claiming that her signature on some of TH Property's exhibits were forged and that not all parties were present at the closing, including herself. Shepherd reiterated that she desired to rescind the entire transaction and have the deed to the property ordered back into her name, and that TH Property and its business partners took advantage of her.

{¶ 5} TH Property filed a reply, which provided the court with additional information outside of the complaint. Shepherd did not file an amended complaint or request leave from the trial court to file an amended complaint. On November 19, 2025, Shepherd filed a handwritten "notice" with the court stating that the transaction with TH Property did not encompass a meeting of the minds and that she was not present for the closing on October 7, 2024. Shepherd also informed the trial court that she received less than $28,000 from the sale of her property.

{¶ 6} On December 19, 2025, the trial court sustained TH Property's motion to dismiss. The court reasoned that Shepherd's complaint failed to state a claim upon which relief can be granted. The trial court's decision did not consider the factual materials that TH Property submitted, which were beyond the face of the complaint. Shepherd filed a timely notice of appeal on January 2, 2026.

II.     **Assignments of Error**

{¶ 7} In her three assignments of error, Shepherd claims:

1. The trial court erred as a matter of law by dismissing Appellant's

3

complaint under Civ.R. 12(B)(6) where the allegations, accepted as true, state legally cognizable claims for recission and equitable relief.

2. The trial court erred by misapplying Civ.R. 9(B) to claims of fraud by omission and nondisclosure.

3. The trial court abused its discretion by dismissing the complaint without granting leave to amend under Civ.R. 15(A).

## III. Standard of Review

{¶ 8} Appellate review of a trial court's decision to dismiss a complaint under Civ.R. 12(B)(6) is de novo. *Cincinnati v. Beretta U.S.A. Corp.*, 2002-Ohio-2480, ¶ 12. De novo review means that an appellate court must independently examine the complaint to determine whether the dismissal was appropriate. *Boyd v. Archdiocese of Cincinnati*, 2015-Ohio-1394, ¶ 13 (2d Dist.). This court uses the same standard that the trial court used and does not defer to the trial court. *Vinh Thi Le v. Pham*, 2018-Ohio-4526, ¶ 11 (2d Dist.), citing *Ward v. Bond*, 2015-Ohio-4297, ¶ 8 (2d Dist.).

{¶ 9} When a motion to dismiss is made under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, the motion tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 2010-Ohio-2057, ¶ 11. A court must presume that all factual allegations in the complaint are true and must make all reasonable inferences in the plaintiff's favor. *Id.* at ¶ 12; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). An appellate court does not consider or presume to be true any unsupported conclusions of law stated in the complaint. *Clayton v. Luka Inc.*, 2026-Ohio-1676, ¶ 15 (2d Dist.).

{¶ 10} "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." (Parenthetical

4

text in original.) *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), paragraph one of the syllabus; *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280 (1995).

**IV.   Discussion**

{¶ 11} We address Shepherd's first and second assignments of error together. Shepherd's complaint is captioned "Complaint to Rescind Real Estate Transaction and Set Aside Deed" and states six paragraphs:

1.     Plaintiff [Shepherd] is a resident of Dayton, Ohio;

2.     On or about October 8, 2024, Plaintiff entered into an agreement to sell real property located at 1306 Bohn Court, Dayton, Ohio 45417, situated in the Township of Jefferson, County of Montgomery in the State of Ohio, being Lot Number 430 Carver Village Plat, Section 11, as recorded in Plot Book 74, Page 21 of the Plot Records of Montgomery County, Ohio, to Defendant.

3.     At the time of executing the contract and/or deed, Plaintiff was suffering from severe mental health issues, bipolar, severe depression, schizophrenia that directly impaired Plaintiff's ability to understand the nature and consequences of the transaction. Coupled with the fact that Plaintiff is an aged individual. Plaintiff was mentally vulnerable at the time of the sale (emotional distress after her mother's unexpected death from the COVID 19 Pandemic).

4.     Due to this lack of mental capacity, Plaintiff could not validly consent to the contract of sale.

5.  Defendant knew or should have known of Plaintiff's impaired condition. Ohio Civil Rule 60(B), allows a party to ask the court to vacate or set review of the sale's validity and potentially cancel it if it was obtained by fraud, misrepresentation, or other unfair means.

6.  As a result, the deed transferring the property to Defendant should be declared void and the property restored to Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court:

a.  Rescind the real estate transaction and set aside the deed transferring the property;

b.  Restore title of the property to Plaintiff;

c.  Grant such other relief as the Court deems just and proper.

(Emphasis deleted.)

{¶ 12} Shepherd attached three documents to her complaint, one of which is captioned "Civil Summons Notification of Complaint." (Emphasis deleted.) This document further alleges that the deed transferring the property was recorded in the Montgomery County Recorder's Office on or about November 8, 2024, and that due to her own mental health conditions she felt "forced" to sign the paperwork.

{¶ 13} In our review of Shepherd's complaint, we presume that it is true Shepherd has mental health conditions and that her claim for relief sounds in contract and equity, as she claims to have lacked the capacity to contract and seeks to have the sale of real property set aside. *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 16 (2002) ("the essential elements of a contract include an offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration"). However, Shepherd also stated in her complaint and attached document

6

that a deed was recorded on November 8, 2024. As an initial matter, though not argued by TH Property in this case or mentioned by the trial court in its entry dismissing Shepherd's complaint, we point out that the doctrine of merger by deed holds that "[w]here a deed is delivered and accepted without qualification pursuant to agreement, no cause of action upon the prior agreement thereafter exists." *Fuller v. Drenberg*, 3 Ohio St.2d 109 (1965), paragraph one of the syllabus. Therefore, as a matter of law, Shepherd's challenge to the underlying real estate sales contract is barred by the merger by deed doctrine.

{¶ 14} Nonetheless, Ohio courts recognize an exception that when ""the acceptance of a deed is induced by false representations, or by representations that in the exercise of reasonable diligence one should know to be false, the representations and the deed are distinct and the representations are not merged in the deed.""" (Emphasis deleted.) *Hiland v. B.M. Investments*, 1993 WL 462410, * 3 (2d Dist. 1993), quoting *Richmond Homes, Inc. v. Lee-Mar, Inc.*, 20 Ohio App.2d 27, 32 (8th Dist. 1969), quoting *Zander v. Blumenthal* 1 Ohio App.2d 245, 249 (8th Dist. 1964). Therefore, a plaintiff may seek rescission of a contract if a plaintiff proves the contract was procured by fraud or fraudulent representations of a defendant. *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph one of the syllabus. According to the Supreme Court of Ohio, a plaintiff must articulate the following elements to state a claim for relief: (1) actual or implied false representations of material matters of fact were made; (2) such representations were false; (3) the representations were made by one party to the other with knowledge of their falsity; (4) the representations were made with an intent to mislead a party to rely on them; and (5) the party, with a right to rely on such representations, relied on the representations. *Id*. at paragraph two of the syllabus. Civ.R. 9(B) requires that, in all averments of fraud or mistake, the circumstances constituting fraud or mistake must be stated with particularity.

7

{¶ 15} TH Property argues that Shepherd failed to allege a claim for relief in fraud or misrepresentation. It submits that the trial court sustained its motion to dismiss because Shepherd failed to plead with specificity the requisite fraud or misrepresentation to justify rescission. Upon our review of Shepherd's complaint and its attachments, we agree. Shepherd's complaint fails to state any conduct, misrepresentations, or fraud made by TH Property that induced Shepherd into executing the real estate sales agreement or the deed. Shepherd's complaint relies on her own mental health conditions as the sole reason for seeking to rescind the agreement. The terms "fraud," "misrepresentation," or "other unfair means" in the complaint do not allege operative facts legally sufficient to state such claims, nor did Shepherd otherwise plead with particularity facts constituting a fraud or misrepresentation. Therefore, Shepherd failed to state a claim for fraud, fraudulent inducement, or misrepresentation to justify the remedy of rescission or setting aside the deed.

{¶ 16} While Shepherd also argues that her complaint states legally cognizable claims for rescission and claims in equity, we note that Ohio courts recognize that rescission is a remedy and not itself a claim for relief. *See Wells Fargo Bank, N.A. v. Dumm*, 2014-Ohio-3124, ¶ 5, fn. 4 (4th Dist.), citing *Watch What Develops Franchise Concepts, Inc. v. Custom 1–Hour Photo, Inc.*, 1990 WL 163950 (9th Dist. 1990), and *York v. American Continental Corp.*, 1975 WL 181380 (10th Dist. 1975). As a result, we do not agree with Shepherd that the trial court erred when it dismissed her complaint for failure to state a claim upon which relief can be granted or misapplied Civ.R. 9(B). Shepherd's first and second assignments of error are overruled.

{¶ 17} In Shepherd's third assignment of error, she argues that the trial court abused its discretion by failing to allow an amendment to her complaint. An abuse of discretion is

8

defined as "attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp*., 50 Ohio St.3d 157, 161 (1990). However, the record of this case demonstrates that Shepherd never filed an amended complaint or filed a motion for leave to file an amended complaint. "[O]rdinarily, a court has no duty under Civ.R. 15(A) to order sua sponte that a party file an amended complaint." *AAA Am. Constr., Inc. v. Alpha Graphic*, 2005-Ohio-2822, ¶ 9 (8th Dist.), citing *Moore v. Rickenbacker*, 2001 WL 460901, * 2 (10th Dist. 2001) ("It was not the trial court's duty to sua sponte order a party to file an amended complaint [when appellants never filed a motion for leave to file an amended complaint].").

{¶ 18} Additionally, we note that the trial court could not have sua sponte ordered Shepherd to file an amended complaint. Had the court done so, it would have been assisting Shepherd, a self-represented litigant, in stating claims for relief while a motion to dismiss was pending before the court. We have previously stated that "[a] litigant proceeding pro se "'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.'" *Dunina v. Stemple*, 2007-Ohio-4719, ¶ 3 (2d Dist.), quoting *Yocum v. Means*, 2002-Ohio-3803, ¶ 20 (2d Dist.), quoting *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). "'"It is not the trial court's job to clean up deficient pleadings."'" *Citibank S. Dakota, N.A. v. Wood*, 2006-Ohio-5755, ¶ 58 (2d Dist.), quoting *Sonoga v. Trumbull Cty. Child Support Enforcement Agency*, 2005-Ohio-3615, ¶ 10 (11th Dist.), quoting *McGrath v. Mgt. & Training Corp*., 2001-Ohio-8731, * 3 (11th Dist.). "'Litigants who choose to proceed pro se are presumed to know the law and correct procedure and are held to the same standard as other litigants.'" *Dunina* at ¶ 3, quoting *Yocum* at ¶ 20. As a result, Shepherd's third assignment of error is without merit and is overruled.

## V.    Conclusion

{¶ 19} Having overruled Shepherd's three assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and TUCKER, J., concur.