WEAVER ET AL., APPELLANTS, *v.* DONNERBERG ET AL., APPELLEES.

(No. 17-84-18 — Decided July 17, 1985.)

*Freed, Deweese & Virzi* and *Frederick D. Freed,* for appellants.

*W. Lynn Swinger* and *Harold E. Christman,* for appellees.

COLE, J. This is an appeal from a judgment of the Probate Division of the Court of Common Pleas of Shelby County wherein that court dismissed a will contest action brought by the appellants. The appellants assert one assignment of error, as follows:

"Plaintiffs assert that the trial court erred in overruling the plaintiffs' motion for leave to amend. The trial court also erred in overruling plaintiffs' motion for reconsideration and in contemporaneously granting defendants' motion to dismiss on grounds that necessary parties had not been joined."

On January 17, 1984, a document alleged to be the Last Will and Testament of Nellie E. Seigle, deceased, was admitted to probate as the decedent's last will and testament. In the will, there were four beneficiaries named, *i.e.*, Miriam E. Donnerberg, Jane Dunlap, the Anna United Methodist Church, and the St. Jacobs Lutheran Church of Anna, Ohio. On May 2, 1984, within the four-month period prescribed by R.C. 2107.76, an action was commenced by the appellants to contest this will, pursuant to R.C. 2107.71, but in this action neither church was named as a party defendant nor was the named executor named in his representative capacity in the caption as required by R.C. 2107.73.

Subsequently, on May 31, 1984, both Miriam E. Donnerberg and Larry Billing as named executor filed answers, each asserting that a failure to join necessary parties deprived the trial court of jurisdiction.

On May 17, 1984, the four-month period to file a will-contest action expired.

On June 27, 1984, the appellants moved for leave of court to file an amended complaint which included the two churches and the named executor as defendants. No evidentiary hearing was held nor was any evidentiary material presented as to the issue. Briefs were filed and the trial court overruled the motion.

On October 18, 1984, the appellees, Donnerberg and Billing, executor, moved the court to dismiss the action pursuant to Civ. R. 12(H)(3), *i.e.*, because the court lacked jurisdiction, necessary parties not being joined. The appellants opposed the motion and moved for reconsideration of their former motion to amend.

The trial court overruled the motion for reconsideration and dismissed the action for non-joinder of necessary parties. It is from this order that appeal was taken.

The thrust of appellants' argument is directed primarily at the action of the trial court in overruling their motion to amend. The motion for reconsideration presents no new issue and the motion to dismiss was properly granted if the motion to amend was properly acted upon. Under R.C. 2107.73(A) *any* person designated in a will to receive a testamentary disposition of real or personal property is a necessary party. Prior to amendments occurring in 1976 it had long been held that failure to join all necessary parties within the limitation period divested the court of jurisdiction to proceed. However, among those amendments was one which made the Civil Rules applicable generally to a will contest action (R.C. 2107.72). In *State, ex rel. Smith,* v. *Court* (1982), 70 Ohio St. 2d 213 [24 O.O.3d 320], the second paragraph of the syllabus states:

"Due to the enactment of R.C. 2107.72, amendments may be made to plaintiff's complaint to join necessary parties in a will contest action. These amendments would, under Civ. R. 15(C), relate back to the date of the original filing."

The Supreme Court subsequently approved and followed this syllabus in *Smith* v. *Klem* (1983), 6 Ohio St. 3d 16, wherein the syllabus reads:

"In a will contest action, amend-

ments may be made to a complaint to join necessary parties pursuant to Civ. R. 15. Such amendments, under Civ. R. 15(C), relate back to the date of the original filing. (Paragraph two of the syllabus of *State, ex rel. Smith,* v. *Court,* 70 Ohio St. 2d 213 [24 O.O.3d 320], approved and followed.)''

It is thus reasonably clear that a lack of necessary parties still is a fatal defect in a will contest action and proper grounds for dismissal.

However, because the Civil Rules are now applicable, an amendment made after the four-month period may operate to eliminate this defect if the amendment relates back, *i.e.*, is effective as of the filing date which was within the four-month statutory period.

This narrows the issue, then, to a determination as to the applicability of Civ. R. 15(C) which reads in part as follows:

''Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.''

The motion to amend in this case was made after expiration of the four-month period. If Civ. R. 15(C) would operate so as to make the amendment relate back and add the required, but omitted parties, as of the original filing date, then there would be no fatal defect of parties. On the other hand, in the absence of a relation back the fatal defect would remain. The fundamental question then is whether or not in the present factual situation, Civ. R. 15(C) would cause an amendment adding parties to relate back to the initial filing date. If it does not, then there would be no abuse of discretion by the trial court in denying the motion to amend. It would, even if granted, not change the situation for there would still be two parties against whom action was brought *after* expiration of the period provided by law.

Looking at the wording of Civ. R. 15(C), it would first appear to apply not to adding, but to changing, a party. The word change implies that a named party would be omitted and a party not named in the original complaint would be substituted. This interpretation is strengthened by reference to the Staff Note to Civ. R. 15(C) which refers to misnomer of parties. The case of *Hardesty* v. *Cabotage* (1982), 1 Ohio St. 3d 114, concerns exactly this situation where an intended party was improperly named in the complaint.

However, the Supreme Court in *Smith* v. *Klem, supra,* apparently interprets ''changing the party against whom a claim is asserted'' to include adding new parties. In the first paragraph of the opinion, it is stated:

''The issue presented is whether amendments adding necessary parties may be made to a complaint in a will contest action and relate back to the date of the original filing pursuant to Civ. R. 15(C).'' *Id.* at 17.

The court answered that such amendments may be made and remanded the case for further proceedings. However, we would note that no exhaustive inquiry as to the actual

ultimate application of Civ. R. 15(C) was made by the court as was made in *Hardesty, supra.* In the *Smith* case, the court of appeals had held that operation of Civ. R. 15(C) extended jurisdiction of the probate court in violation of Civ. R. 82, and it was on this question the case was before the Supreme Court as a conflict case. No factual application of the requirements of Civ. R. 15(C) appears to have been made in the lower court and we must interpret the syllabus of that case in the light of this. The syllabus states flatly: "Such amendments, under Civ. R. 15(C), relate back to the date of the original filing." *Smith* v. *Klem, supra.*

However, we must interpolate the words "if applicable under its terms." The court makes no such determination, but remands the cause and we do not know the further history of the case. Any other interpretation would imply that the specific requirements of Civ. R. 15(C) were meaningless.

Therefore, in a will contest case, after the expiration of the four-month period, a complaint *may* be amended to add parties pursuant to Civ. R. 15(C), *i.e.,* if its requirements are met. If these requirements are met and the amendments are made, then these amendments will relate back to the date the initial complaint was filed and in so doing avoid application of the four-month limitation period.

The next step then is to apply the three requirements specifically set forth in Civ. R. 15(C) to the facts here involved. These requirements are set forth in *Williams* v. *Jerry L. Kaltenbach Ent., Inc.* (1981), 2 Ohio App. 3d 113, at 113-114:

"* * * Appellant must demonstrate that: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commenc-

ing the action against him, the party to be brought in received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Here, the appellants sought only to amend parties by adding defendants. No change is made as to the cause or claim itself. The first requirement is met.

The second requirement necessitates a factual determination. There was no evidentiary material submitted to the trial court, and hence none in the record before the court, which could sustain a factual determination that either beneficiary church had ever received notice of the institution of this action. The appellants seek to interpret the words "within the period provided by law for commencing the action against him" to be extended by application of Civ. R. 3(A) which reads:

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

We reject this interpretation. Civ. R. 3(A) concerns the act of commencing an action which has two facets, (a) a filing and (b) service in a specified time. The provision of R.C. 2107.76 deals only with the act of filing: "If within four months after a will is admitted to probate, *no person filed an action* * * *" (emphasis added).

Thus, the "period provided by law for commencing the action * * *" under Civ. R. 15(C) relates *only* to the act of filing, which must precede the time for service and is specified as a four-month period.

Furthermore, Civ. R. 3(A) does not by its terms extend the period for com-

mencing an action. The action must still be commenced by a filing within the limitation period. It is tentatively considered a valid commencement subject to being voided if within one year service has not been had. Therefore, the period provided by law for commencing an action is the period for filing and is not, in our view, extended by the period provided for service.

For this reason, we determine that it was not demonstrated that this second condition was met.

The third condition is also factual in nature. There is nothing upon which the trial court or this court could predicate a factual determination that either beneficiary church "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." The same consideration as to the time period here applies. There is nothing to show that either church knew anything about this action prior to the expiration of the four-month period.

Thus, at the time the motion to amend was before the court, that court would have been justified in concluding that Civ. R. 15(C) would not apply. Any amendment would be a futile gesture since the complaint would still be subject to dismissal for want of filing against all necessary parties within the four-month period of limitation. Therefore, under Civ. R. 15(A) justice would not require granting the motion to amend.

The trial court did not abuse its discretion, non did it err in granting the motion to dismiss. The assignment of error is not well-taken.

*Judgment affirmed.*

GUERNSEY, P.J., and MILLER, J., concur.