[Cite as *Elliot v. Moeller*, 2014-Ohio-4136.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY


MARCIA L. ELLIOT,

    PLAINTIFF-APPELLANT,                 CASE NO. 1-13-58

    v.

CHARLES L. MOELLER, ET AL.,         O P I N I O N

    DEFENDANTS-APPELLEES.


Appeal from Allen County Common Pleas Court
Probate Division
Trial Court No. 2013 ES 40(A)

**Judgment Affirmed**

Date of Decision: September 22, 2014


APPEARANCES:

    *Lawrence A. Huffman* **for Appellant**

    *Michael A. Rumer* **for Appellees**

Case No. 1-13-58

**WILLAMOWSKI, P.J.**

{¶1} Plaintiff-Appellant Marcia L. Elliot ("Marcia") brings this appeal from the judgment of the Court of Common Pleas of Allen County, Probate Division, dismissing her complaint against Defendants-Appellees, Charles L. Moeller ("Lewie"), Teresa Moeller, Charlene McCullough, Candace S. Moeller, Corrie Michele Doty, Kasey Colleen Doty, Jordan M. Elliott, Broderick David McCullough, Richard Chandler McCullough, Christi Noel McGuire, Sydney Moeller, and Holly Elliott, collectively known as "Appellees". For the reasons set forth below, the judgment is affirmed.

{¶2} On January 8, 2013, Charles D. Moeller ("Charles") died testate. Doc. 1. Before his death, Charles had executed a will on what was later shown by affidavit to be December 19, 2012, although the will itself states that it was executed on December 19, 2013.[1] Doc. 1, 6, and 7. The will was admitted to probate on January 30, 2013, and assigned case number 2013-ES-40. Doc. 5. Lewie and Teresa filed a joint application for authority to administer the estate on January 30, 2013. Doc. 8. The trial court appointed Lewie and Teresa as co-executors that same day. Doc. 10.

---

[1] The will states "IN WITNESS WHEREOF, I have set my hand to this my Last Will and Testament this 19th day of December, 2013." However, the application to probate the will states that Charles died on January 8, 2013, and the file stamp on the form, to which the will was attached, indicates it was filed on January 25, 2013. Thus, the will could not have been signed on December 19th, 2013.

{¶3} Marcia filed a complaint contesting the will on April 13, 2013. Doc. 107. The will contest was assigned case number 2013-ES-00040A. *Id*. The basis for the will contest was the following: 1) The will was the result of undue influence by Lewie on Charles and 2) Charles lacked testamentary capacity. The will contest listed Appellees as defendants. *Id*. On June 25, 2013, Moeller filed his motion to dismiss the will contest for failure to name all the necessary parties and because the statute of limitations had run. Doc. 125. Marcia filed a memorandum contra Lewie's motion to dismiss on August 2, 2013. Doc. 128. On that same day, Marcia filed a motion pursuant to Civil Rule 19 to join additional parties. Doc. 129. A hearing was held on the motion to dismiss and the motion to join additional parties on October 10, 2013. Doc. 136. The trial court entered judgment granting the motion to dismiss on October 29, 2013. *Id*. On November 21, 2013, Marcia filed her notice of appeal. Doc. 137. The appeal sets forth one assignment of error.

> **The trial court erred in granting [Appellees'] motion to dismiss and simultaneously denying [Marcia's] motion to join additional parties.**

No one disputes that Marcia failed to initially name all of the parties required by R.C. 2107.72. Thus, the sole question before this court is whether a motion to join additional parties relates back to the date of the filing of the original will contest for the purpose of the statute of limitations.

{¶4} The relation back of amendments is governed by Civil Rule 15(C).

**Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.**

Civ.R. 15(C). The Ohio Supreme Court has addressed whether the joinder of parties in a will contest can relate back pursuant to Civil Rule 15(C) in *Smith v. Klem*, 6 Ohio St.3d 16, 450 N.E.2d 1171 (1983). In *Smith*, the will was admitted to probate on September 16, 1981, and the plaintiffs filed a will contest on October 7, 1981. On February 2, 1982, the defendants filed a motion to dismiss claiming that the trial court lacked jurisdiction since plaintiffs had failed to join all necessary parties. The plaintiffs then filed a motion to amend their complaint on March 3, 1982, so that they could add the necessary parties. The trial court denied plaintiffs' motion and granted the motion to dismiss. The decision was affirmed on appeal. The Supreme Court accepted the case and addressed the issue of whether an amendment adding necessary parties relates back to the original filing date pursuant to Civil Rule 15(C). *Id*. The Court held as follows.

**We conclude in the cause *sub judice*, for the reasons stated in [*State, ex rel. Smith v. Court*, 70 Ohio St.2d 213, 436 N.E.2d 1005 (1892)], that amendments may be made to a complaint in a will contest action to join necessary parties pursuant to Civ.R. 16 and such amendments, under Civ.R. 15(C), relate back to the date of the original filing.**

*Smith, supra* at 17.

{¶5} In 1985, this court addressed a similar situation in the case of *Weaver v. Donnerberg*, 26 Ohio App.3d 112, 498 N.E.2d 496 (1985). In *Weaver*, the plaintiff appealed the dismissal of a will contest action for failure to join all necessary parties. This court held that the Civil Rules may eliminate the defect of failing to join all necessary parties if Civil Rule 15(C) applies as set forth in *Smith*.

**[I]n a will contest case, after the expiration of the four-month[2] period, a complaint *may* be amended to add parties pursuant to Civ.R. 15(C), *i.e.* if its requirements are met. If these requirements are met and the amendments are made, then these amendments will relate back to the date the initial complaint was filed and in so doing avoid application of the four-month limitation period.**

**The next step is to apply the three requirements specifically set forth in Civ.R. 15(C) to the facts here involved. These requirements are set forth in *Williams v. Jerry L. Kaltencach Ent., Inc.* (1981), 2 Ohio App.3d 113, at 113-114, 440 N.E.2d 1219:**

**\* \* \* Appellant must demonstrate that: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in received such notice of the institution**

---

[2] The time for a will contest was four months in 1985. It is currently three months. R.C. 2107.76.

**of the action that he will not be prejudiced in maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.**

*Weaver*, *supra* at 115. This court held that under the facts in *Weaver*, the trial court did not err in granting the dismissal for failure to join all the necessary parties because the second and third requirements of Civil Rule 15(C) were not met. Thus, this court concluded that any amendment would not relate back and any complaint would be subject to dismissal.

{¶6} In the case before us, Marcia failed to provide notice to multiple churches under both the 2012 will and the prior will. The record indicates that the missing parties did not receive any notice, either direct or indirect, concerning the will contest. Without any notice of the proceedings, the second and third requirements of Civil Rule 15(C) are not met. Any amendment to the complaint would not relate back pursuant to the rule. Thus, the amendment would be futile as the will contest would still be subject to dismissal for failing to join all necessary parties. *Weaver, supra.* The trial court did not err in granting the motion to dismiss.

{¶7} Marcia also claims that the amendment should have been granted pursuant to Civil Rule 19(A). Civil Rule 19 provides for the joinder of necessary parties and orders the trial court to join all necessary parties if their absence is

-6-

raised pursuant to Civil Rule 12(B)(7). However, the rule does not address whether the joinder relates back to the original filing and the effect of a statute of limitations. That determination is governed by Civil Rule 15(C). Since Civil Rule 19 does not provide for relation back, it is irrelevant to the question before this court. For the above reasons, the assignment of error is overruled.

{¶8} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County, Probate Division, is affirmed.

*Judgment Affirmed*

**ROGERS and PRESTON, J.J., concur.**

**/jlr**