[Cite as *Middlebrooks v. Beamon*, 2022-Ohio-2886.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| VIDAL MIDDLEBROOKS, | : | APPEAL NO. C-210641 |
| | | TRIAL NO. 2021002372 |
| Plaintiff-Appellant, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| MARCO LEE BEAMON, | : | |
| Defendant, | : | |
| and | : | |
| NIKKIA STOKES, | : | |
| Defendant-Appellee. | : | |

Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: August 19, 2022

*Vidal Middlebrooks*, pro se,

*Arthur W. Harmon, Jr.,* for Defendant-Appellee.

**CROUSE, Judge.**

**{¶1}** Deborah Ann Dubose died on December 31, 2020. Her estate was opened in the Hamilton County Probate Court on February 23, 2021. The last will and testament of Dubose was entered into probate on February 25, 2021. Defendant-appellee Nikkia Stokes, the daughter of Dubose, was nominated as the executor of Dubose's estate. Plaintiff-appellant Vidal Middlebrooks is the son of Dubose. He filed a will-contest complaint alleging that DuBose's last will and testament was invalid. The complaint named Stokes in her individual capacity, but not in her capacity as executor of the estate. [1]

**{¶2}** Stokes, in her capacity as executor, filed a motion to dismiss the complaint for failure to name her, in her capacity as executor, as a party to the complaint. The magistrate denied the motion on the basis that Middlebrooks could amend the complaint to add a party. The magistrate ordered Middlebrooks to file an amended complaint within 30 days naming Stokes in her capacity as executor as a party to the complaint. The probate court adopted the magistrate's decision.

**{¶3}** Middlebrooks failed to file an amended complaint or take any steps to make the executor a party to the case. Stokes, as executor, renewed her motion to dismiss the complaint. The magistrate held a hearing and granted the motion to dismiss. Middlebrooks filed objections to the magistrate's decision. The probate court overruled the objections and adopted the magistrate's decision.

**{¶4}** Middlebrooks has appealed, arguing in one assignment of error that the probate court erred in adopting the magistrate's decision and dismissing the

---

[1] The complaint also named Marco Lee Beamon, another son of DuBose, as a defendant. He has not appeared on appeal.

complaint. For the reasons discussed below, the sole assignment of error is overruled, and the judgment of the probate court is affirmed.

### *Sole Assignment of Error*

**{¶5}**    Middlebrooks's arguments only relate to the merits of his complaint. He has not addressed the basis of the magistrate's decision—his failure to file an amended complaint naming Stokes in her capacity as executor as a party to the complaint.

**{¶6}**    R.C. 2107.73(C) states that "the executor" is a necessary party to a will-contest action. "[W]here a defendant in a will contest occupies the dual role of heir and legatee and executor or administrator he must be summoned in both capacities to meet the terms of Section 2741.02, Revised Code, [antecedent to R.C. 2107.73] and where he is summoned only in his individual capacity such a disregard of the statute occurs as to require a nonsuit against the contester." (Emphasis deleted.) *Porter v. Fenner*, 5 Ohio St.2d 233, 235, 215 N.E.2d 389 (1966), citing *Peters v. Moore*, 154 Ohio St. 177, 93 N.E.2d 683 (1950), and *Bynner v. Jones*, 154 Ohio St. 184, 93 N.E. 2d 687 (1950); *see MacAlpin v. Van Voorhis,* 11th Dist. Lake Nos. 8-176 and 8-181, 1981 Ohio App. LEXIS 14213, *6 (Sep. 28, 1981) ("A fiduciary is both a representative and an individual, and the capacity in which he sues or is sued depends upon the nature of the cause of action. In any event the capacity must be clear and the distinction between the two different capacities must be maintained.").

**{¶7}**    Stokes has dual roles as daughter and heir to the deceased and executor of the estate. Middlebrooks named Stokes in her individual capacity, but failed to name her in her representative capacity as executor.

**{¶8}**    The contester to a will may amend the complaint to name the executor in her representative capacity, and the amended complaint relates back to the original

complaint pursuant to Civ.R. 15. *Smith v. Klem*, 6 Ohio St.3d 16, 17, 450 N.E.2d 1171 (1983). The magistrate gave Middlebrooks 30 days to file an amended complaint naming Stokes in her capacity as executor, but he failed to comply with the magistrate's order. And, despite the opportunity to amend, "a lack of necessary parties still is a fatal defect in a will contest action and proper grounds for dismissal." *Weaver v. Donnerberg*, 26 Ohio App.3d 112, 114, 498 N.E.2d 496 (3d Dist.1985).

**{¶9}** Therefore, Middlebrooks has failed to meet the requirements of R.C. 2107.73(C). The will-contest complaint was properly dismissed.

**{¶10}** Middlebrooks also argues that he should have been provided with an attorney for the will-contest proceedings because he is indigent. There is no right to appointed counsel in will-contest proceedings. *See State ex rel. Jenkins v. Stern*, 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (1987) ("There is no generalized right of counsel in civil litigation."); *Gambino v. Pugh*, 7th Dist. Mahoning No. 17 MA 0110, 2018-Ohio-1121, ¶ 37.

### *Conclusion*

**{¶11}** The sole assignment of error is overruled. The judgment of the probate court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.