[Cite as *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

|  |  |  |
|---|---|---|
| AMERICAN GENERAL FINANCIAL | : | |
| SERVICES, INC. | : | Appellate Case No. 24575 |
| | : | |
| Plaintiff-Appellee | : | Trial Court No. 2007 CV 10503 |
| | : | |
| v. | : | |
| | : | (Civil Appeal from |
| STEPHEN M. MOSBAUGH, et al. : | | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 28th day of October, 2011.

. . . . . . . . . .

JOSEPH W. BORCHELT, Atty. Reg. #0075387, Reminger Co., L.P.A., 525 Vine Street, Suite 1700, Cincinnati, Ohio 45202
        Attorney for Plaintiff-Appellee

STEPHEN M. MOSBAUGH. 359 East Franklin Street, Centerville, Ohio 45459
        Pro se Defendant-Appellant

. . . . . . . . . . . .

WAITE, J. (Sitting by Assignment)

{¶ 1} This matter began as a foreclosure action in 2007. Pro se Appellant Stephen M. Mosbaugh now appeals the judgment of the Montgomery County Court of Common Pleas adopting a magistrate's decision in favor of Appellee American General Financial Services, Inc. ("Amer. Gen."). Appellant had filed a series of documents attempting to

block a sheriff's sale of his home. The trial court determined that Amer. Gen. properly fulfilled its obligations under a prior agreed final judgment and decree of foreclosure filed in 2009. The parties had resolved all disputes in this foreclosure action in that 2009 agreed judgment entry, but in Appellant's subsequent efforts to stop the sheriff's sale he also tried to relitigate almost all previously contested matters. The magistrate attempted to make some sense of Appellant's very confused filings and properly determined that the only issue that might prevent the sheriff's sale from going forward was whether Amer. Gen. fulfilled a covenant in the agreed foreclosure judgment entry that required it to consider Appellant for any government loan programs that became available. The magistrate ruled that Amer. Gen. had fulfilled its obligations under the agreed entry and that all other matters had been previously resolved. Appellant failed to object to the magistrate's decision. The trial court adopted the magistrate's decision and findings, leading to this appeal.

{¶ 2} Appellant did not file objections to the magistrate's decision that was the basis of the judgment entry being appealed, and has therefore waived any error on appeal except for plain error. There is no plain error in this case. Appellant agreed to the terms of the foreclosure. Amer. Gen. fulfilled its obligations under the agreement and is entitled to proceed with the sheriff's sale. The judgment of the trial court is affirmed.

<u>Background</u>

{¶ 3} Amer. Gen. filed a foreclosure action against Appellant on December 17, 2007. Appellant had defaulted on the terms of a promissory note and mortgage on his home located at 395 East Franklin Street, Centerville, Ohio. Appellant filed counterclaims

alleging deceptive business practices, excessive fees, and predatory lending. Trial was postponed in order for the parties to negotiate a settlement to all claims.

{¶ 4} On June 19, 2009, the parties entered into an agreed judgment and decree in foreclosure that included further agreed-to terms by the parties. The trial court granted judgment of $108,795.96 to Amer. Gen., on the defaulted promissory note. The parties agreed that the house would be prepared for sheriff's sale on September 1, 2009; Appellant would pay taxes and maintain insurance on the property; Amer. Gen. would not seek eviction prior to November 1, 2009; if someone other than Appellant was the successful bidder at the sheriff's sale, then Appellant would still be permitted to live in the home until November 1, 2009; Appellant would release Amer. Gen. from all claims and counterclaims arising out of the loan and mortgage; and that Amer. Gen. would consider Appellant for government loan programs, such as "Making Home Affordable" loans. Appellant was represented by counsel at the time, and his counsel signed the agreement on his behalf. (6/19/09 J.E.) No objections were filed and the trial judge signed and filed the judgment and decree in foreclosure. No appeal was taken of the judgment.

{¶ 5} An order for sheriff's sale was issued on July 15, 2009. The sale was subsequently set for January 15, 2010. Appellant filed for bankruptcy protection on December 31, 2009. The order for sale was cancelled. Appellant's bankruptcy petition was terminated on March 24, 2010, and a new sheriff's sale was ordered. This second order of sale was cancelled due to Appellant's filing of a second bankruptcy petition on May 13, 2010. Amer. Gen. obtained in rem relief from the bankruptcy stay, and a third order of sale was filed, setting the sheriff's sale for November 3, 2010.

{¶ 6} Appellant, acting pro se even though he was still represented by counsel, filed a series of very large packets of documents with the trial court, starting on November 16, 2010, in an attempt to delay the sheriff's sale. The initial document was simply titled as "Adversary," and contained 67 pages of miscellaneous documents. Another packet, titled "Amended Adversary," was filed on December 2, 2010, containing 94 pages. Appellant then filed a 58-page document on January 24, 2011, titled "Motion for Breach of Contract." Appellant raised many of the same claims that had been previously raised as counterclaims in this matter and had been previously adjudicated.

{¶ 7} In response to these pro se filings, Appellant's counsel withdrew from the case. Counsel's motion to withdraw was granted on January 26, 2011.

{¶ 8} On January 27, 2011, the magistrate issued a decision overruling and dismissing all of Appellant's claims except for a single issue: whether Amer. Gen. fulfilled the paragraph of the agreed foreclosure judgment in which Amer. Gen. was to consider Appellant for any government loan programs. No objections were filed and the trial court adopted the magistrate's decision on February 17, 2011.

{¶ 9} A hearing was held on February 16, 2011, to deal with the single issue regarding Amer. Gen.'s consideration of Appellant for government loan programs. The magistrate issued its decision on February 18, 2011. The magistrate concluded that Appellant had failed to prove that Amer. Gen. violated the terms of the agreed foreclosure decree. Again, no objections were filed and the trial court adopted the magistrate's decision and issued its own judgment entry on March 15, 2011. This appeal followed on April 11, 2011. Appellant is now acting pro se.

{¶ 10} On June 2, 2011, Appellant filed a large number of documents that we must assume is his substitute for filing an actual brief on appeal. It contains no recognizable assignments of error, no caselaw, no citations to the record, and no ascertainable arguments. Amer. Gen. filed a responsive brief, attempting to extrapolate any possible cogent arguments arising from Appellant's filing. Since there are no assignments of error on appeal, the following analysis is simply an evaluation of Appellant's filing.

ARGUMENT ON APPEAL

{¶ 11} There are no assignments of error presented to us in this appeal. App.R. 16(A)(3) requires an appellant's brief to contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." A court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record. App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne*, Greene App. No. 2009 CA 65, 2010-Ohio-3903, ¶58. App.R. 16(A)(1) requires a table of contents with page references. Appellant's table of contents does not contain page references and does not relate to the documents on file that purportedly substitute for the brief on appeal. App.R. 16(A)(2) requires a table of cases to be provided. App.R. 16(A)(7) requires an actual argument to be made with reference to the cases and authority previously cited. App.R. 16(A)(5) and (6) require a statement of the case and a statement of the facts relevant to the assignment of errors. Appellant's filing satisfies absolutely none of these requirements. Furthermore, App.R. 9 defines the

composition of the record on appeal, and Appellant has attached numerous documents to his filing that are beyond the scope of our review.

{¶ 12} While Appellant is proceeding pro se, we note that "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' " (Citation omitted.) *Dunina v. Stemple*, Miami App. No. 2007 CA 9, 2007-Ohio-4719, ¶3. We cannot give Appellant special treatment in this appeal and craft arguments and assignments of error that he has failed to create himself. Nevertheless, it is apparent from the record that only one issue could have been presented in this appeal. Therefore, we will briefly address whether any error is indicated in the judgment entry before us on appeal.

{¶ 13} Amer. Gen. is correct that the only judgment entry under review is the final judgment issued on March 15, 2011, adopting the magistrate's decision of February 18, 2011. The Ohio Rules of Civil Procedure require a party to file written objections to a magistrate's decision. Civ.R. 53(D)(3)(b); *Gaevedon v. Gaevedon*, 167 Ohio App.3d 450, 2006-Ohio-3195, ¶20-21. When a party fails to file objections, the party may not assign as error on appeal the court's adoption of the magistrate's decision. Civ.R. 53(D)(3)(b)(iv). Appellant failed to object to the magistrate's decision finding no breach of the terms of the agreed foreclosure decree. Consequently, he has waived all but plain error in the trial court's judgment. After a thorough review of the record, there is no indication of plain error in this case.

{¶ 14} Amer. Gen. filed a foreclosure action, and the parties negotiated a settlement that was incorporated into an agreed foreclosure judgment entry and decree. In that judgment, Appellant released Amer. Gen. from all claims arising from the mortgage, loan, and foreclosure action. This judgment was not appealed. Although Appellant agreed to a date for the sheriff's sale, he delayed the sale numerous times through bankruptcy filings and through a series of filings with the trial court demanding that the sale not go forward. The magistrate reviewed these filings and determined that the only issue that might delay the sheriff's sale was whether Amer. Gen. had fulfilled one of the terms of the agreed foreclosure decree as to Appellant's eligibility for government loans. After a hearing, the magistrate found that Appellant had not made any loan payments since 2007. Appellant testified at the hearing that he thought he qualified for a government loan based on something he read on a computer. A branch manager from Amer. Gen. who was familiar with Appellant's loan history testified that she tried to assist Appellant in getting a loan modification to qualify for the federal "Making Homes Affordable" program, but that Appellant's income was insufficient. (2/18/11 Magistrate's Decision, p. 4.) She also testified that neither the "Making Homes Affordable," nor any other government program, was compulsory for Amer. Gen. to follow and that Amer. Gen. assisted Appellant in attempting to modify his loan on a voluntary basis. The magistrate held that the agreed foreclosure judgment entry only committed Amer. Gen. to consider Appellant for government loan programs that became "applicable and compulsory." The magistrate found that there were no government loan programs "applicable and compulsory" to Amer. Gen., thus, it had not breached the agreed foreclosure entry. The magistrate and the trial

court correctly interpreted the terms of the agreed foreclosure judgment entry, and there is no error of law or any other type of error apparent in these proceedings.

{¶ 15} Because Appellant failed to file any objections to the February 18, 2011, magistrate's decision, and we find no plain error in the record, the arguments on appeal are overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

(Hon. Cheryl L. Waite, Seventh District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Joseph W. Borchelt
Stephen M. Mosbaugh
Robert Whitehouse
George Patricoff
Hon. Gregory F. Singer