[Cite as *In re Estate of Taylor*, 2025-Ohio-1084.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

IN THE MATTER OF THE ESTATE OF   :
MARTHA JANE TAYLOR   :
AKA MARTHA J. TAYLOR   :   C.A. No. 30224
AKA MARTHA TAYLOR   :
  :   Trial Court Case No. 2022 EST 001100
  :
  :   (Appeal from Common Pleas Court-
  :   Probate Division)
  :
  :

. . . . . . . . . . .

O P I N I O N

Rendered on March 28, 2025

. . . . . . . . . . .

MICHAEL MARTIN, Pro Se Appellant

DANA A. STAMPS, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Appellant, Michael J. Martin ("Martin"), appeals pro se from a probate court judgment which denied his motion for relief from judgment and his request for discovery and a stay in connection with the administration of the estate of Martha Taylor. While Martin broadly contends that the trial court abused its discretion in overruling his motion,

Martin's brief does not comply with App.R. 16(A) and does not raise any proper assignment(s) of error. Accordingly, Martin's appeal is dismissed.

## I.     Facts and Course of Proceedings

{¶ 2} The following facts are taken in part from our opinion in Martin's prior appeal, *In re Estate of Taylor*, 2024-Ohio-1496 (2d Dist.).

{¶ 3} On May 20, 2022, Sharon Martin filed a notice in the probate court that she was depositing Martha Taylor's will, which was attached to the notice. In the will, which was dated October 25, 2021, Martha left all her personal and real property to Sharon, who was her sister. The will further said that if Sharon failed to survive Martha by 60 days, Sharon's share would lapse and the property would pass to Tasha Martin. Additionally, the will designated Sharon as executor and appointed Tasha as executor if Sharon could not serve.

{¶ 4} On May 23, 2022, Sharon filed a document listing the surviving spouse, children, next of kin, legatees, and devisees. According to this document, Martha did not have a surviving spouse or adopted or biological children. Martha's parents were both deceased, and she had five siblings: Sharon, Ann Martin, Michael Martin (appellant), Drew Martin, and Wanda Martin. Also on May 23, Sharon filed an application for authority to administer the estate and listed $53,000 in personal property and $56,000 in real property, for a total estate value of $109,000. The application said that Martha had died on October 23, 2021. In addition, Sharon waived notice of the probate of the will and filed a fiduciary's acceptance, by which she agreed to assume the executor's duties.

{¶ 5} On June 7, 2022, the probate court filed entries admitting the will to probate

and approving Sharon's application to probate the will. The same day, the court filed entries appointing Sharon as executor and appointing an appraiser. A death certificate filed that day said Taylor had died at Miami Valley Hospital in Dayton, Ohio, on October 23, 2021.

{¶ 6} On July 5, 2022, Martin filed a pro se objection to the will and asked the clerk to send him forms and a booklet of the court's rules. Martin mentioned that the facility in which he lived (a prison) lacked forms for contesting the will. The probate court's docket does not contain any response to this request.

{¶ 7} On July 7, 2022, Sharon filed a certificate of service of notice of probate of the will. This document stated that all persons entitled to notice had waived service, had received notice of the hearing on the probate of the will or a contest as to jurisdiction, or had not been notified because their names or places of residence were unknown or could not be ascertained with reasonable diligence. Supporting affidavits were also filed. One affidavit discussed unsuccessful efforts to reach Wanda. The other affidavit said that all legatees or devisees other than Martin, Ann, and Drew had waived notice of the will's probate or their addresses were unknown. Certified mail receipts for Martin, Ann, and Drew were attached to this affidavit.

{¶ 8} On September 19, 2022, the court filed "correspondence" it had received from Ann. In this document, Ann objected to Sharon being a fiduciary. Ann further alleged that Sharon had failed to disclose assets to her attorney that belonged to the parties' mother, not Martha. The only identified asset was a Fifth Third Bank account that allegedly contained $86,000 to $90,000. Another document was filed that day in what appears to

be the same handwriting; it identified Ann, Martin, and Drew as next of kin and listed their addresses.

{¶ 9} On October 4, 2022, the probate court filed two pro se documents it had received from Martin. The first was a motion seeking leave to file in forma pauperis without posting a $250 filing fee for civil cases. The motion also asked the court to waive other filing requirements, including page size and copies. In the motion, Martin stated that he had been incarcerated since March 2016 and received only $18 per month, which he used for necessities. The court never ruled on this motion.

{¶ 10} In the second document, Martin challenged the will pursuant to R.C. 2107.71, contending it was fraudulent because the signature did not belong to Martha. Martin also noted that the will was dated October 25, 2021, but the death certificate stated that Martha had died two days earlier. Like Ann, Martin asked the court to appoint a different executor due to Sharon's alleged fraud.

{¶ 11} On October 11, 2022, Martin asked the court to "appoint counsel" and to grant an extension of time so he could more fully respond to the matters at issue. According to Martin, Martha was "on" an account from Wright Patterson or Fifth Third Bank that belonged to Roberta James, who had died approximately one week before Martha died. Allegedly, Roberta was the siblings' mother. Martin claimed Roberta's account had contained $90,000 to $100,000, and he asked for an investigation. On October 21, 2022, Martin filed another document in which he claimed a medical doctor had determined that Martha had not been competent to sign anything on October 25, 2021, and had lacked mental capacity to sign a will, meaning that her signature had been

forged. The court's docket summary lists all the items Martin filed in October 2022 as "correspondence."

{¶ 12} Sharon filed an inventory and appraisal on October 28, 2022, listing the following estate assets: $1,573 in tangible property; $93,081.64 in intangible property; and $56,240 in real property, for a total of $150,894.64. As intangible property, the schedule of assets included three accounts at Fifth Third Bank totaling $93,081.64. The court set a November 30, 2022 decision date for the inventory and appraisal. Before that date, on November 23, 2022, Martin filed exceptions to the inventory (and this document was again docketed as "correspondence"). Once more, Martin claimed the Fifth Third Bank accounts belonged to the parties' mother, not to Martha. He also alleged fraud with respect to a property deed in that it had been changed two weeks after Martha's death to remove the name of Martha's late husband, Charles.

{¶ 13} On January 6, 2023, the court filed an entry approving the inventory and appraisal because "no exceptions" had been filed. On July 31, 2023, Sharon reported some minor newly discovered assets like escrow refunds, and the court approved that report as well.

{¶ 14} On August 23, 2023, a magistrate filed a decision overruling Martin's exceptions. The court adopted the decision that same day. On September 8, 2023, Martin filed a motion requesting a jury trial and another document that included two items: objections to the magistrate's decision and judge's order and a notice of appeal. In addition, Martin filed a motion seeking leave to file delayed objections. However, on September 8, 2023 (the same day), Martin filed a notice of appeal with our court.

{¶ 15} In that prior appeal, Martin contended that the probate court had erred in finding that he failed to commence a separate will contest action. Throughout the course of these proceedings, Martin has alleged that Sharon's actions in this matter constituted fraud; he even asked the court to appoint a different executor for this reason. In affirming the judgment of the probate court, we explained that Martin had failed to timely file objections to the magistrate's decision and that no plain error had occurred to justify setting aside the judgment, even if Martin's pleading before the probate court was an attempt to file a will contest. We concluded that, "while the trial court could properly have construed Michael's document as an effort to contest the will, Michael was not harmed because his will contest action (even if actually attempted) was never successfully commenced," and accordingly, Martin's assignment of error was without merit. *In re Estate of Taylor,* 2024-Ohio-1496, at ¶ 70-71 (2d Dist.).

{¶ 16} After we affirmed the probate court's decision, Martin filed a motion for relief from judgment based on fraud; specifically, he sought an order from the probate court vacating the judgment approving and settling the final account, allowing discovery, and staying the case. The probate court denied Martin's motion, reasoning that Martin's failure to properly trigger a will contest had previously been adjudicated, and his request to set aside the will due to fraud had already been addressed and rejected in the prior proceedings. In so holding, the probate court concluded that the doctrine of res judicata precluded Martin's attempt to once again contest the will, and it denied his motion.

{¶ 17} Martin now appeals.

## II.     Discussion

{¶ 18} On appeal, Martin generally contends that the trial court erred by overruling his request for discovery and otherwise abused its discretion in all aspects of this matter. However, his brief contains no recognizable assignments of error, no citations to the record, and no discernable arguments.

{¶ 19} App.R. 16(A) sets forth the requirements for an appellant's brief on appeal. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the

record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

"A court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record." *Am. Gen. Fin. Servs., Inc. v. Mosbaugh*, 2011-Ohio-5557, ¶ 11 (2d Dist.), citing App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne,* 2010-Ohio-3903, ¶ 58 (2d Dist.).

{¶ 20} Upon review, we conclude that Martin's filing fails to satisfy the requirements set forth in App.R. 16(A). "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' " *Mosbaugh* at ¶ 12, citing *Dunina v. Stemple,* 2007-Ohio-4719, ¶ 3 (2d Dist.). Although Martin proceeded in his appeal pro se, "[w]e cannot give Appellant special treatment in this appeal and craft arguments and assignments of error" that he failed to raise himself. *Id.*

### III.   Conclusion

{¶ 21} Martin's appeal is dismissed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.