[Cite as *Calicoat v. Conner*, 2025-Ohio-2252.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| KEITH CALICOAT | : | |
| | : | C.A. No. 30365 |
| Appellant | : | |
| | : | Trial Court Case No. 24CVI00668 |
| v. | : | |
| | : | (Civil Appeal from Municipal Court) |
| JESSICA CONNER | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellee | : | **OPINION** |
| | : | |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 27, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
MICHAEL L. TUCKER, JUDGE

[[Applied Signature 2]]
RONALD C. LEWIS, JUDGE

[[Applied Signature 3]]

MARY K. HUFFMAN, JUDGE

**OPINION**
MONTGOMERY C.A. No. 30365

KEITH CALICOAT, Appellant, Pro Se
JESSICA CONNER, Appellee, Pro Se

HUFFMAN, J.

{¶ 1} Plaintiff-Appellant Keith Calicoat appeals from the trial court's judgment that he was not entitled to damages from a former tenant after she vacated a rental property that he owned.   For the reasons outlined below, we affirm the judgment of the trial court.

## I.     Background Facts and Procedural History

{¶ 2} Defendant-Appellee Jessica Conner leased a residential rental property from Calicoat from September 2020 to September 2021. Upon entering the lease agreement, she provided a $1,130 security deposit. After Conner moved out of the residence, Calicoat did not provide an accounting to Conner regarding any damage to the property or the amount of her security deposit that would be retained for cleaning and repair services.   Calicoat had leased the premises to Conner in his personal capacity, although he also operated a limited liability company (LLC) through which he conducted his construction or other business(es).

{¶ 3} Calicoat filed a small claims complaint in 2024, alleging that Conner had damaged and neglected the property and caused damage beyond reasonable wear and tear in an amount totaling $3,983.16. At trial, while presenting photographs to support his testimony, Calicoat claimed that Conner had left the property in disrepair without cleaning it. He testified that he cleaned the premises and performed repair work, charging $125 per hour as a contractor for cleaning and repair services through his LLC.   The lease agreement

had not mentioned Calicoat's LLC or contemplated repair and cleaning charged at the rate of $125 per hour. Calicoat stated that the LLC accounted for the labor he provided "for tax reasons." He claimed that he had replaced the furnace flue, doors, towel holders, lightbulbs, and window blinds for the property but, despite testifying that he had made purchases at "Lowe's or Home Depot," he had no receipts for those items. He testified that he had tried to contact Conner regarding his concerns but was unable to reach her.

{¶ 4} Conner testified that she doubted the replacement costs claimed by Calicoat; she had researched the costs of comparable items and found that his expense claims were inflated. She stated that she had been unaware that he planned to charge $125 for his labor and believed that her security deposit was sufficient to cover any costs. She also stated that Conner never contacted her concerning the property after she moved out.

{¶ 5} Following a trial, the magistrate found that Calicoat had failed to sustain his burden of proof on the purported property damage by the weight of the evidence and awarded him no damages. The magistrate noted that Calicoat had not introduced any evidence regarding his LLC, timesheets showing the dates and times related to labor charged by the LLC, or the appropriateness of his hourly rate for labor provided for cleaning and repair services. The magistrate further noted that Calicoat had provided no receipts evidencing his expenditures on replacement items and was nonspecific about where those purchases had been made, which led the magistrate to conclude that Calicoat's damage summary was "inherently suspect and unreliable." Finding that Calicoat generally lacked credibility, and in the absence of trustworthy evidence of the price of materials and labor, the magistrate awarded Calicoat no damages; it found that he was using the circumstances to confer a windfall upon himself and that any damage sustained had been adequately covered by Conner's $1,130 security deposit.

{¶ 6} Calicoat timely filed objections to the magistrate's decision. According to Calicoat, his $125 hourly labor rate was reasonable, as it was consistent with what other similar contractors charged for comparable work. He asserted that he had purchased several items to make repairs to the property and had submitted photographic evidence demonstrating damage to the property that exceeded normal wear and tear. He complained about the magistrate's questioning the legitimacy of his costs for materials purchased for repairs, arguing that there was no expert witness at trial to opine that his costs were excessive or unreasonable and no evidence of a windfall for him. He argued that, pursuant to the lease agreement, Conner had been obligated to remove her belongings, clean up the property, and repair damage, and thus he should have been compensated for providing those services. Finally, he claimed that he had made several attempts to contact Conner by text and phone to give her an opportunity to address his concerns, but she never responded to him, leaving him with no choice but to remove the items and repair the damage himself.

{¶ 7} In overruling Calicoat's objections, the trial court stated that it had conducted an independent review of the magistrate's decision, Calicoat's objections, the trial transcript, and the exhibits. It concluded that the magistrate had correctly applied the law to the facts of the case and adopted the magistrate's findings of fact and conclusions of law. Specifically, the trial court determined that there were no errors of law or other defects in the decision. This appeal followed.

{¶ 8} On appeal, Calicoat does not set forth any specific assignments of error; he essentially restates his objections to the magistrate's decision. He asserts that the magistrate's decision was not based on the evidence presented at trial and that: Conner left personal items and trash on the property, which required removal and clean-up; Conner damaged the property, which required repairs; Conner agreed to pay those costs in the

rental agreement; and Calicoat deserved to be paid for the work he completed in restoring his property.

## II.     Law and Analysis

{¶ 9} Within 14 days of the filing of a magistrate's decision, a party may file written objections to the decision. Civ.R. 53(D)(3)(b)(i). Whether or not objections are timely filed, a trial court may adopt or reject a magistrate's decision in whole or in part, with or without modification. Civ.R. 53(D)(4)(b). "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). A magistrate's decision is not effective unless adopted by the trial court, and a trial court that adopts a magistrate's decision shall enter a judgment in accordance with that decision. Civ.R. 53(D)(4)(a); Civ.R. 53(D)(4)(e).

{¶ 10} In accordance with Civ.R. 53, a trial court must conduct a de novo review of the facts and conclusions contained in the magistrate's report and enter its own judgment. *State Farm Mut. Auto. Ins. Co. v. Fox*, 2009-Ohio-1965, ¶ 10 (2d Dist.), citing *Dayton v. Whiting*, 110 Ohio App.3d 115, 118 (2d Dist. 1996). An appellate court applies an abuse-of-discretion standard when reviewing a trial court's adoption of a magistrate's decision. *Id.* at ¶ 11. "'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161 (1990). Thus, "[w]hen an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable." *Id.*, citing *Proctor v. Proctor*, 48 Ohio App.3d 55, 60-61 (3d Dist. 1988). "When applying an

abuse of discretion standard, the appellate court is not free to simply substitute its judgment for that of the trial court." *Shehata v. Shehata*, 2005-Ohio-3659, ¶ 11 (2d Dist.), citing *Berk v. Matthews*, 53 Ohio St.3d 161 (1990).

**{¶ 11}** We note at the outset that Calicoat's filing on appeal satisfies none of the requirements set forth in App.R. 16(A), which provides that the appellant shall include in its brief, under the headings and in the order indicated, all of the following:

(1) A table of contents, with page references.

(2) A table of cases alphabetically arranged, statutes, and other authorities cited, with references to the pages of the brief where cited.

(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.

(4) A statement of the issues presented for review, with references to the assignments of error to which each issue relates.

(5) A statement of the case briefly describing the nature of the case, the course of proceedings, and the disposition in the court below.

(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.

(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary.

(8) A conclusion briefly stating the precise relief sought.

App.R. 16(A). "A court of appeals may disregard any assignments of error not separately argued, or any arguments not supported by references to the record." *Am. Gen. Fin. Servs., Inc. v. Mosbaugh,* 2011-Ohio-5557, ¶ 11 (2d Dist.), citing App.R. 12(A)(2); *Countrywide Homes, Inc. v. Swayne,* 2010-Ohio-3903, ¶ 58 (2d Dist.). "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants. A litigant proceeding pro se 'cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter.' " *Id.* at ¶ 12, citing *Dunina v. Stemple,* 2007-Ohio-4719, ¶ 3 (2d Dist.).

{¶ 12} Although Calicoat's brief does not comply with the Ohio Rules of Appellate Procedure, and we may therefore disregard his arguments, we infer that his arguments align with the objections to the magistrate's decision that he made to the trial court.

{¶ 13} As discussed above, we review the trial court's decision only for an abuse of discretion. In this case, the trial court conducted an independent review of the magistrate's decision and considered Calicoat's objections, the transcript of the trial, the exhibits admitted into evidence (e.g., photographs), and applicable case law. In doing so, it found that the magistrate had correctly applied the law to the facts. The trial court determined that the evidence supported the conclusions reached by the magistrate and that there were no errors of law or other defects evident on the face of the decision. Finding no error, the trial court properly overruled Calicoat's objections and fully adopted the findings of facts and conclusions of law set forth in the magistrate's decision. Upon our review, we cannot say that the trial court's actions were arbitrary or unreasonable, and thus Calicoat's presumed errors are overruled.

### III. Conclusion

{¶ 14} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.